UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Solomon Maye,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>City of New Haven, Detective Carr, Detective Folch, and Detective Soto,<br><br>　　　　　　　Defendants. | Civil No. 21-CV-00040 (MEG)<br><br><br>January 24, 2023 |

## RULING AND ORDER

Before the Court is Defendants' Second Motion for Reconsideration [ECF No. 144] contending that there was "clear error" and that this Court "overlooked controlling decisions" on qualified immunity. This is now Defendants' third attempt to seek the Court's permission to file for summary judgment outside of the scheduling order.[1] For the reasons that follow, the Motion is DENIED.

As set forth in the Order denying Defendants' Second Motion for Extension of Time for Defendants to File Motion for Summary Judgment[2], that motion was untimely, which was reason enough to deny the motion. *See McGraw–Hill Global Education Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (citing *Cyrus v. City of N.Y.*, No. 06-CV-4685, 2010 WL 148078, at *2 (E.D.N.Y. Jan. 14, 2010) (collecting cases); and *Farez–Espinoza v. Napolitano*, No.

---

[1]　　Plaintiff filed an opposition brief on January 23, 2023. ECF No. 146.

[2]　　Although the Motion was styled as a Second Motion for Extension of Time, the Court treated it is a Motion for Reconsideration of the Court's Decision on the First Motion for Extension of Time *Nunc Pro Tunc* to File Motion for Summary Judgment.

08-CV-11060, 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009) (collecting cases).  On that basis alone, the instant renewed Reconsideration Motion is denied.

This latest motion was filed by Attorney Alan Dembiczak.  The record shows that Attorney Dembiczak filed an appearance on behalf of Defendants on May 21, 2021 and subsequently filed the Answer asserting the special defense of qualified immunity.  ECF Nos. 22 and 23.  Defendants did not file a Motion to Dismiss in lieu of an Answer.  Appended to the Second Motion for Reconsideration is Attorney Dembiczak's Affidavit stating that when Corporation Counsel Kevin Casini filed his appearance on May 23, 2022, that "Attorney Casini took over the actual defense of this matter." ECF No. 144-2, at ¶ 6.  Attorney Dembiczak states that he has "resumed handling the defense of this matter on January 10, 2023."  *Id.,* at ¶ 7.  These representations explain nothing and are inconsistent with the record.  At all times relevant in this case and without interruption, Attorney Dembiczak had an appearance in the case, including when Judge Covello entered a scheduling order for the filing of summary judgment motions.  ECF No. 92.  And both counsel had appearances in this case before the expiration of the time in which to file for summary judgment.  ECF Nos. 22, 109.  As with the previous motions, Defendants provide no good cause for their request to file for summary judgment once the deadline for dispositive motions had passed on a defense that was asserted in their Answer.[3]

---

[3]     Even if the Court were to address the merits of Defendants' Second Motion for Reconsideration, it would deny it.  Here, Defendants repeatedly argued that issues of fact precluded entry of summary judgment.  *See* ECF No. 114, at 8 (arguing that "[w]hether the City of New Haven engages in training its police department members on issues regarding landlord-tenant disputes is, at the very least, a question for a fact-finder.  Therefore, the claim cannot be decided for the Plaintiff on summary judgment."); *id*., at 10 ("While it may be true that the officers in the instant matter entered the commercial property without warrant or court order . . . . Reading the facts as alleged in the light most favorable to the non-moving party, summary judgment as to this [Fourth Amendment] claim must not be granted."); *id.*, at 11 ("Not only are there no undisputed facts to support this [Fourteenth Amendment] claim, there are no[] facts asserted as to satisfy this

There is no "clear error" nor has this Court "overlooked controlling decisions" on qualified immunity. The qualified immunity decisions Defendants cite as the "controlling decisions" were the law on qualified immunity when the deadline for dispositive motions passed. Further, the Court is aware that the question of qualified immunity is for the Court. *Kerman v. City of New York*, 374 F.3d 93, 108 (2d Cir. 2004) ("The matter of whether a right was clearly established at the pertinent time is a question of law.") (citing cases). This case has been scheduled for trial; Defendants may raise a qualified immunity defense then at which time it will be addressed appropriately. *See e.g. Jones v. Treubig*, 963 F.3d 214, 224-25 (2d Cir. 2020) ("The Second Circuit has set forth the procedure by which district courts should resolve disputes on factual issues at trial that are relevant to the qualified immunity analysis.").

For the reasons stated, Defendants' Second Motion for Reconsideration [ECF No. 144] is DENIED.

This is not a recommended ruling. The parties consented to the jurisdiction of a Magistrate Judge on September 30, 2022. ECF No. 120. Appeals may be made directly to the appropriate United States Court of Appeals. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

          */s/ Maria E. Garcia, U.S.M.J.*
          Hon. Maria E. Garcia
          United States Magistrate Judge

---

requirement whatsoever. Therefore, reading the facts as alleged in the light most favorable to the non-moving party, summary judgment as to this claims must not be granted."). "Although the qualified immunity issue should be resolved at the earliest possible stage in litigation, . . . summary judgment is not appropriate when there are material factual disputes." *Stephenson v. Doe*, 332 F.3d 68, 77 (2d Cir. 2003) (citations and quotation marks omitted). "[W]hen unresolved factual disputes prevent an early disposition of the qualified immunity defense, the better practice is for a jury to decide what facts the officer faced or perceived on special interrogatories, and for the court to make the ultimate legal determination of whether qualified immunity attaches on those facts." *Lee v. McCue*, No. 04-CIV-6077 CM, 2007 WL 2230100, at *3 (S.D.N.Y. July 25, 2007).